Argued December 16; reversed and dismissed December 23, 1947; rehearing denied January 20, 1948

## NELMAR, INCORPORATED *v.* A. G. RUSHLIGHT & COMPANY

187 P. (2d) 668

*Lloyd V. Weiser,* of Portland (with C. C. Hall, of Portland, on brief), for appellant.

*John C. Veatch,* of Portland (Veatch & Bradshaw, of Portland, on brief), for respondent.

Before ROSSMAN, Chief Justice, and KELLY, BAILEY, HAY and WINSLOW, Justices.

KELLY, J.

Both the plaintiff and the defendant are corporations. At the inception of the negotiations between

these parties, Mr. Edward S. Marnon and Mr. Roy S. Nelson were the plaintiff's principal stockholders. These negotiations began during the latter part of June and the first of July, 1945, and had to do with the terms and conditions of a prospective lease of real property upon which, at the beginning of such negotiations, there was merely a partially enclosed structure which could not serve the purpose for which plaintiff sought to lease it. Later, the building was improved to the extent that on or about the first of October, 1945, plaintiff took possession and ever since then has occupied the same.

During the negotiations at all times defendant insisted that no lease would be made by it to plaintiff corporation, unless either a cash deposit equal to four months rental should be made by plaintiff, or Mr. Roy S. Nelson and Mr. Edward S. Marnon would sign the same as lessees, or execute a guaranty that the prescribed rental would be paid by plaintiff to defendant.

No such deposit has been made or tendered. In fact, the testimony discloses that the suggestion of making such deposit was abandoned and reliance was mutually placed upon the guaranty to be made by Mr. Nelson. It is true the plaintiff, in its reply, denied defendant's allegation in this regard, but there is no dispute in the testimony in that regard.

On the 10th of October, 1946, Mr. Nelson sold his interest in the plaintiff corporation.

Mr. W. A. Rushlight, president of defendant corporation, testified that the execution of a lease to plaintiff of the premises in suit was necessarily deferred until the cost of completing the building thereon could be determined, because it was agreed that, if

the cost thereof should exceed $14,000.00, the rental to be paid by plaintiff would be proportionally in excess of $275.00 per month; otherwise, such rental would be only $275.00.

Thereafter, according to his uncontradicted testimony, Mr. Rushlight talked with Mr. Nelson and Mr. Nelson then said that he, Nelson, had sold out his interest in the plaintiff company and that he would not guarantee the payment of rental for the possession and occupancy by plaintiff of the premises in suit.

This is not a case calling for the construction of the terms of a written lease. Here, we are called upon to determine whether there was an oral lease by defendant corporation to plaintiff corporation of the premises in suit for a term of five years and whether plaintiff has complied with the terms of such oral lease in so far as such compliance on plaintiff's part was required during the time which has elapsed since such terms were agreed upon.

The only conceivable oral lease would be one conformable to the terms demanded by defendant in the negotiations between the parties concerning the proposed written lease. It is therefore apparent that with regard to securing the guaranty of Mr. Nelson, there was no compliance by plaintiff prior to the institution of this suit, but a direct refusal on Mr. Nelson's part rendering that compliance impossible of performance.

For these reasons, the decree of the circuit court is reversed, and this suit is dismissed.